# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FRANCISCO ALLUE GARCIA,

      Petitioner,

v.                                                                                          No. 26-CV-0706-KWR-JMR

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
CURRENT SECRETARY, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

      Respondents,[1]

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Petition).  Also before the Court are Petitioner's Motions to Stay Removal (Doc. 2) and Motion for Immediate Release (Doc. 3).  Petitioner is an immigration detainee at the Otero County Processing Center and is proceeding *pro se*.  The Petition states he entered the United States in 2020; was released on his own recognizance; and was re-detained on August 20, 2025.  *See* Doc. 1 at 1.  The Petition attaches Petitioner's removal order, which was entered on February 11, 2026.  *Id.* at 5.  Immigration officials denied asylum but granted a withholding of removal, which means Petitioner is not removable to his home country, but he is

---

[1] The Court will substitute or add the above-mentioned parties as Respondents.  *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

still subject to removal when immigration officials can find a third country that will accept him. *Id.*; *see also Us v. Doll*, 2018 WL 1400539, at *3 (M.D. Pa. Mar. 20, 2018) ("withholding of removal only means that the [noncitizen] may not be sent to his home country where he faces a danger; he still remains subject to the order of removal and may be sent to a safe third country that will accept him").

In the instant § 2241 proceeding, Petitioner argues he is subject to prolonged detention under *Zadvydas v. Davis,* 533 U.S. 678 (2001).   *See* Doc. 1 at 1-3.   He also alleges immigration officials plan to remove him to a third country without due process.   *Id.*   Petitioner seeks an immediate release from custody and possibly a bond hearing.   *Id.* at 3.

Having conducted an initial review of the claims, the Court finds the Petition is not subject to summary dismissal.   The Clerk's Office has electronically served Respondents - including the Respondents added in this Order - by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system.   *See* Doc. 4.   The United States Attorney's Office (USAO) shall answer the Petition (Doc. 1) within 10 business days of entry of this Order.   The USAO must also file a response to the Motion to Stay Removal (Doc. 2), including Petitioner's allegation that he did not receive due process in connection with the proposal to remove him to a third country.

With respect to the Motion for Immediate Release (Doc. 3), relief will be denied. Petitioner argues he is entitled to a release under *Zadvydas* because he has been detained since August 20, 2025, *i.e.,* more than six months.   *See* Doc. 3 at 1.   The exhibits attached to the Petition reflect that Petitioner is subject to a removal order.   *See* Doc. 1 at 5.   The removal order was entered February 11, 2026.   *Id.*   It reflects Petitioner waived any appeal.   *Id.* at 8.   It

therefore appears Petitioner is subject to a final removal order.   Immigration officials are generally required to effectuate a final removal order within 90 days, which is known as the "removal period."   8 U.S.C. § 1231(a)(1)(A).   "During the 90-day removal period, … [the noncitizen] must be held in custody."   *Zadvydas,* 533 U.S. at 683 (citing § 1231).   Because the final removal order was entered about a month ago, Petitioner's detention is presumptively reasonable under Section 1231 and *Zadvydas*, and the Motion for Immediate Release (Doc. 3) will be denied without prejudice.

The Court finally notes that Petitioner has not paid the $5.00 filing fee or filed a motion to proceed *in forma pauperis.*   Petitioner shall cure this deficiency within (30) days of entry of this Order.

**IT IS ORDERED** that the USAO must answer the Petition (**Doc. 1**) and Motion to Stay Removal (**Doc. 2**) within ten (10) business days of entry of this Order.

**IT IS FURTHER ORDERED** that the Motion for Immediate Release (**Doc. 3**) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioner shall pay the $5.00 filing fee or file an *in forma pauperis* motion.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **UPDATE** CM/ECF to reflect the additional party respondents.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

3